AUTO CLUB INSURANCE ASSOCIATION v NICHOLSON

Docket Nos. 70250, 70251. Submitted February 16, 1984, at Detroit.—
     Decided April 20, 1984.

Plaintiff, Auto Club Insurance Association, brought a declaratory
     action against William Nicholson, personal representative of
     the estate of Paul Nicholson, deceased, and Antonia M. Bolton,
     personal representative of the estate of Walter Bolton, de-
     ceased. The two decedents were fatally injured while passen-
     gers in an automobile driven by Keith Kron. The automobile
     was owned by Keith Kron's sister and was insured by plaintiff.
     Kron and his sister resided with their parents, who owned two
     other vehicles insured by plaintiff. At issue was whether the
     liability coverage on the parents' vehicles could be stacked with
     that on the sister's vehicle. The Macomb Circuit Court, Ken-
     neth N. Sanborn, J., concluded that the policies could not be
     stacked. Defendants appealed. *Held:*

          Kron could not reasonably expect to be covered by insurance
     beyond that on the vehicle he was driving. He owned no
     vehicle, was not the registrant of another vehicle, and had not
     purchased a policy of insurance. There was no indication that
     the other family members purchased insurance on his behalf.
     Under the circumstances, the policy underlying the Supreme
     Court decision in *State Farm Mutual Automobile Ins Co v
     Ruuska,* 412 Mich 321 (1982), does not apply, and stacking is
     not available.

          Affirmed.

INSURANCE — RESIDUAL LIABILITY COVERAGE — NONOWNED VEHICLES.

     Residual liability coverage on three automobile insurance policies
          may not be stacked in order to provide more coverage where
          the driver involved in an accident is driving an automobile
          belonging to his sister, has no automobile or insurance policy of
          his own, and resides, as does his sister, with their parents who
          own two other vehicles insured by the same insurer; under the

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance § 329.

Combining or "stacking" uninsured motorist coverages provided in
     single policy applicable to different vehicles of individual insured.
     23 ALR4th 12.

circumstances, the driver could have no reasonable expectation of insurance coverage other than that on the automobile he was driving.

*Dickinson, Mourad, Brandt, Hanlon & Becker* (by *Ronald R. Hanlon)*; *Gromek, Bendure & Thomas* (by *Carl L. Gromek)*, of counsel, for plaintiff.

*Fred A. York & Associates, P.C.* (by *John A. Dolan)*, *Paul F. McNamara*, of counsel, for William Nicholson.

*Wesley Watson, Jr.*, for Antonia M. Bolton.

Before: ALLEN, P.J., and V. J. BRENNAN and N. J. KAUFMAN,* JJ.

PER CURIAM. We adopt the trial court's opinion *in toto.* We doubt we could do better.

"This is an action for declaratory relief filed by plaintiff to determine the applicability and coverage of two policies of automobile insurance.

"On October 8, 1978, decedents Paul Nicholson and Walter Bolton were passengers in a 1971 Ford Torino operated by Keith Kron but owned by his sister Karen Kron. A collision occurred which led to their deaths.

"The 1971 Torino was insured by plaintiff in a policy issued in the name of Karen Kron. Keith and Karen Kron at the time resided with their parents who owned two other vehicles with two automobile insurance policies issued by plaintiff with residual bodily injury limits of $25,000 per person and $50,000 per occurrence.

"In a separate civil suit, the parties entered into a consent judgment, with stipulations with respect to determining whether the two additional policies cover the injuries. This action followed.

"On November 23, 1982, defendants filed a motion for

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment.

summary judgment pursuant to GCR 1963, 117.2(3) arguing that full coverage applies as a matter of law.

"Resolution of this 'stacking' issue depends on whether *State Farm v Ruuska,* 412 Mich 321; 314 NW2d 184 (1982) applies to these facts.

"In *Ruuska,* Gloria Carlson and her father both owned automobiles which were insured by State Farm at the time of the accident, under separate policies, each with a liability limit of $25,000 for bodily injury to one person. State Farm did not dispute its liability under the policy issued to Gloria Carlson's father, as she was driving his car at the time of the accident. Rather, State Farm disputed its liability under the policy issued to Gloria Carlson, pointing to the fact that, although her policy provided for liability coverage for her while she was driving a 'non-owned automobile,' the term 'non-owned automobile' was defined in the policy as one not owned by or available for the frequent or regular use of the named insured or not owned by a relative residing in the same household as the named insured. Thus, State Farm argued that because Gloria Carlson was residing with her father at the time of the accident, and was driving his car, the above definition would exclude her from coverage.

"Four Justices agreed that the exclusionary definition of non-owned automobile in Gloria Carlson's policy was invalid, but disagreed as to rationale. Justices Williams, Moody, and Fitzgerald found that this exclusionary clause was repugnant to the No-Fault Act and was, therefore, invalid. They reasoned that the No-Fault Act, MCL 500.3101, *et seq.* [MSA 24.13101 *et seq.],* clearly directs that a policy must provide residual liability coverage for the use of a motor vehicle:

"'Section 3131 provides that liability insurance "shall afford coverage for automobile liability retained in section 3135," to wit, tort liability for certain enumerated types of loss caused by or arising from the "use of a motor vehicle". In a word, the Legislature has by section 3101(1) required the maintenance of insurance covering the type of liability here incurred, whereas the insurer has specifically sought by policy exclusion to thwart the Legislature's prescription. This it cannot lawfully do. Therefore, since the exclusionary clause in

Gloria Carlson's policy is in conflict with the liability coverage required by the no-fault act, the language of the statute must prevail with the result that the attempted exclusion is invalidated and the policy must be read so as to provide the required coverage.' 412 Mich, at 336.

"The lead opinion in *Ruuska* was specifically limited in its holding to the facts of that case. 412 Mich at p. 338.

"In a separate opinion, concurring in result but not rationale, Justice Levin found that the exclusionary clause was unenforceable because it was unconscionable and contrary to the reasonable expectations of the insured.

"This Court must predict how the current Supreme Court would vote if presented with this case. The real question is whether the fact that Keith Kron was not the owner, registrant or policy holder on either vehicle sufficiently distinguishes *Ruuska* from this case.

"While the opinion of Williams, Moody and Fitzgerald purports to limit itself to the fact of *Ruuska,* it is hard to envision such a limitation. They ruled the 'non-owned automobile' limitation is contrary to the plain meaning of the No-Fault Act and requires residual liability coverage for certain damages stemming from the 'use of a motor vehicle'. Such a conflict does not turn upon whether the insured bought the policy personally or was an additional named insured.

"Justice Levin felt the exclusion was unenforceable because the exclusion lay in a definition of a word which has a readily understood meaning. He also felt Gloria Carlson's perception was she would be covered by her insurance regardless of whose car she was driving. Further, he found that it overreached the evil it was designed to guard against thereby failing to protect the insured who acts in good faith.

"Justice Levin's rationale does not extend to the facts before this Court.

"Keith Kron could reasonably expect to be covered by the insurance policy on the automobile he was driving with the owner's permission. However, he had no reasonable expectation of further coverage. Keith owned no vehicle. He was not the registrant of another auto-

mobile, nor did he purchase a policy of insurance. Further, there is no indication on these facts that family members purchased insurance on his behalf.

"The Court concludes a majority of the Supreme Court would hold *Ruuska* inapplicable to the facts of this case. Plaintiff may have judgment declaring policy numbers 0-2935352-03 and 3-2935352-01 are inapplicable to the loss.

"An order consistent with this opinion will enter pursuant to GCR 1963, 522."

Affirmed.